RECEIVED
USDC CLERK, CHARLESTON, SC
2005 SEP -1 A 9:40

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

Johnny Davis, #192259,

Petitioner,

-versus-

Collie Rushton; Warden, McCormick Correctional Institution (McCl); South Carolina Department of Corrections; State of South Carolina; and Henry McMaster, Attorney General for South Carolina,

Respondents.

C. A. No. 2:05-0016-CMC-RSC

**REPORT AND RECOMMENDATION**

This habeas corpus petition under 28 U.S.C. § 2254 filed by a state prisoner proceeding pro se and in forma pauperis is before the undersigned United States Magistrate Judge for a report and recommendation on the respondents' summary judgment motion filed on April 1, 2005. 28 U.S.C. § 636(b).

**PROCEDURAL HISTORY**

The petitioner, Johnny Davis, is presently confined to McCormick Correctional Institution of the South Carolina Department of Corrections pursuant to orders of commitment from the Clerk of Court for Orangeburg County. At the December 1995 term, the Grand Jury for Orangeburg County indicted Petitioner for second degree arson (96-GS-38-1117), first degree burglary (96-GS-38-1733), and six (6) counts of assault with intent to kill (96-GS-38-1734 through -1739).

Petitioner was represented at the trial level by Charles Grose, Esquire. The Honorable Luke N. Brown, Jr., conducted a jury trial of Petitioner which ended December 13, 1996, with a verdict of guilty on all charges. Judge Brown then sentenced Petitioner to concurrent terms of twenty (20) years for arson, life imprisonment for burglary, and ten (10) years each on the assault charges.

A timely notice of appeal from the convictions and sentences was filed by Grose on December 19, 1996. Appellate Defender Robert Pachak, of the South Carolina Office of Appellate Defense, was appointed to represent Petitioner in his direct appeal. On November 3, 1997, Pachak filed with the South Carolina Court of Appeals a "no merit" Anders Final Brief of Appellant and Petition to be Relieved as Counsel. Petitioner followed with a *pro so* "Amended Anders Response Brief", in which he asserted the following grounds:

> (1) Whether the trial court erred in overruling defense counsel's objection to Detective Coleman's opinion testimony?
>
> (2) Whether trial court erred in denying defendant's motions for a directed verdict and new trial?

(PCR App. 354).

On December 2, 1998, the South Carolina Court of Appeals issued an Order in which it denied Pachak's Petition to be Relieved as Counsel, and ordered him to brief the following two

issues on behalf of Petitioner:

> (1) Did the trial court err in admitting the testimony of Detective Coleman on the ground it constituted an impermissible opinion as opposed to hearsay?
>
> (2) If the trial judge did err in admitting the testimony, did this error constitute harmless error?

Pachak filed a Final Brief of Appellant on May 19, 1998, and the State filed its Final Brief of Respondent on June 18, 1998. (PCR App. 331).

The case was submitted to a panel of the state court of appeals on December 8, 1998. That court affirmed the convictions and sentences by an opinion dated February 18, 1999. State v. Davis, 99-UP-096 (S.C. Ct. App. filed February 18, 1999). (PCR App. 376). The Remittitur was sent down on March 9, 1999.

Petitioner filed an Application for Post-Conviction Relief ("APCR") on January 24, 2000, 00-CP-38-0662, in which he raised the following claims:

> (1) Ineffective Assistance of Counsel.
>
> (2) Denial of due process.
>
> (3) Violation of the US and South Carolina Constitution.

(PCR App. 380-88). The State filed a Return on July 23, 2001. (PCR App. 392).

An evidentiary hearing in Petitioner's APCR was held before the Honorable Dianne S. Goodstein on March 12, 2002, at which

Petitioner was present and represented by his counsel Clarissa Joyner, Esquire. Petitioner testified and called trial counsel Grose, and Petitioner's sister, Shirley Davis, to testify. Judge Goodstein signed an Order of Dismissal in which she rejected Petitioner's claims on August 11, 2002. (PCR App. 466). Judge Goodstein's Order specifically addressed claims that counsel failed to investigate the case, and failed to call alibi witnesses, as well as a claim that the indictments were defective because "true bill" was handwritten rather than stamped.

On September 6, 2002, Joyner filed a Notice of Appeal from Judge Goodstein's dismissal of the APCR. Assistant Appellate Defender Tara S. Taggart, of the South Carolina Office of Appellate Defense, was appointed to represent Petitioner during the PCR appeal. On July 14, 2003, Taggart filed a "no merit" Johnson Petition for Writ of Certiorari and Petition to be Relived as Counsel, in which she raised the following issue on behalf of Petitioner:

> Whether counsel was ineffective for failing to adequately investigate the state's allegations.

Petitioner subsequently filed his own pro se "Amended Petition for Writ of Certiorari for Purposes of Supplementing the Johnson Petition", in which he raised the following issues:

> (1) Whether, in addition to counsel's ineffectiveness for failing to adequately investigate the states allegations and failure of said counsel to conduct an investigation into the states case in chief which resulted in prejudice

to petitioner, inter alia, the state circumvented & otherwise abridged the state constitutional rights as well as the United States Constitutional rights of this petitioner to fundamental <u>access and relief</u> within our court's for the specific relief petitioner was and continues to be entitled to <u>as a matter of law</u> and in strict accordance with federal Rules and rights to availability of relief, based upon a constitutional mandate as pursuant to federal law.

(2) Whether the Post Conviction evidentiary Hearing convened on March 12, 2002 from which the Honorable Diane S. Goodstein issued her order denying and dismissing petitioner's application complies with state and federal constitutional law where clearly this petitioner demonstrated ineffective assistance of counsel in a number of areas and showed he had been prejudiced by the state via the unwillingness of the state to grant petitioner relief dispite the facts demonstrated in his Post Conviction evidentiary Hearing. (sic).

(3) Whether the evidence presented at period of petitioner's jury trial in a case where it becomes patently clear this petitioner's conviction rests solely upon circumstantial evidence and nothing more, meets all the mandates required under enunciated federal and state constitutional authority, practice and procedure, per se.

(4) Whether petitioner received effective assistance of counsel at/during period of his appeal where his counsel failed to brief the circumstantial nature of the states material evidence as an aspect to petitioner's conviction and to request the appellate court's perusal, attention and focus to the specific nature of the states evidence as it resulted in an unjust, unconstitutional conviction and sentence of this petitioner given all the evidence as may be seen from the lower court record of this case.

(5) Whether petitioner's sentence to life in prison upon the first degree burglary allegation/ conviction may be seen as an unconstitutional and vindictive sentence within the meaning of the laws and constitutions of both this state and the

> United States when examined in full view of the circumstantial nature of petitioner's instant conviction and sentence as a matter of law. (sic).

The state supreme court issued an order denying the petition for writ of certiorari on February 5, 2004, and the Remittitur was sent down on February 23, 2004.

The following documents have been made part of the record here:

(1) Appendix (consisting of two volumes) containing: Trial Transcript, Final Brief of Appellant, Brief of Respondent, Pro Se Amended Anders Brief of Appellant, Opinion No. 99-UP-096 filed February 18, 1999, APCR, Return, PCR Hearing Transcript, Order of Dismissal, Clerk of Court Records, and South Carolina Department of Transportation Records;

(2) Notice of Appeal, dated December 19, 1996;

(3) Letter filing Final Anders Brief of Appellant, dated November 3, 1997;

(4) Letter to Petitioner, re filing of Anders Brief, dated November 5, 1997;

(5) Order of the South Carolina Court of Appeals directing the filing of briefs, dated April 2, 1998;

(6) Remittitur Letter, dated March 9, 1999;

(7) Notice of Appeal, dated September 25, 2002;

(8) Johnson Petition for Writ of Certiorari, dated July 14, 2003;

(9) Letter Return to the Johnson Petition, dated July 15, 2003;

(10) Order Denying Johnson, dated February 5, 2004; and

(11) Remittitur, dated February 23, 2004.

The respondents filed a summary judgment motion on April 1, 2005. On April 6, 2005, the petitioner was provided a copy of the respondents' summary judgment motion along with an explanation of dismissal and summary judgment procedure, as well as pertinent extracts from Rules 12 and 56 of the Federal Rules of Civil Procedure similar to that required by Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975). On July 5, 2005, Petitioner filed an opposition to the summary judgment motion. Hence, it appears consideration of the respondents' motion is appropriate.

**DISCUSSION**

It appears that the instant petition was not timely filed and must be summarily dismissed on that basis.

Petitioner filed this habeas corpus petition on January 6, 2005. Accordingly, the provisions of the Antiterrorism and Effective Death Penalty Act ("AEDPA") apply to this case. Lindh v. Murphy, 117 S.Ct. 2059 (1997).

Under the AEDPA, claims adjudicated on the merits in a state court proceeding cannot be a basis for federal habeas corpus relief unless the decision was "contrary to, or involved in unreasonable application of" clearly established federal law as decided by the United States Supreme Court, or the decision "was based on an unreasonable determination of the facts in light of

the evidence presented in the state court proceedings." 28 U.S.C. § 2254(d). State court factual findings are presumed to be correct and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

However, the AEDPA provides that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). The limitations period begins to run on "the date on which the judgement became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The limitations period is tolled during the pendency of a properly filed collateral attack on the subject conviction. 28 U.S.C. § 2254(d)(2). Here, the petition comes too late.

Petitioner's conviction was finalized by the conclusion of direct review on May 19, 1999, or ninety (90) days after February 18, 1999, the date the South Carolina Court of Appeals issued its opinion affirming Petitioner's convictions. See, e.g., Harris v. Hutchinson, 209 F.3d 325 (4th Cir. 2000) (direct review concludes at expiration of time for seeking certiorari from United States Supreme Court); U.S. Sup. Ct. R. 13(1)(time for filing petition for certiorari with United States Supreme Court is 90 days); U.S. Sup. Ct. Rule 13.3 (time runs from the decision itself, not the

remittitur). Petitioner therefore had until May 19, 2000, to file his federal habeas corpus action unless the period was at any time tolled. See, e.g., Hernandez v. Caldwell, 225 F.3d 435 (4th Cir. 2000); Harris, supra; Brown v. Angelone, 150 F.3d 370 (4th Cir. 1998).

Petitioner did not file his APCR until January 24, 2000, so two-hundred and fifty (250) days of non-tolled time ran since the period of limitations began on May 19, 1999. The period of limitations was tolled during the pendency of the APCR until February 5, 2004, when the South Carolina Supreme Court issued its Order denying certiorari review on the APCR Order of Dismissal. See, e.g., Harris v. Hutchinson, 209 F.3d 325 (4th Cir. 2000) (time runs from date when state appellate court denied leave to appeal denial of state post-conviction petition).

Petitioner's delivery date for the present action is December 9, 2004, so three hundred and eight (308) days of non-tolled time accrued after the disposition of Petitioner's APCR. When the time before and after the APCR periods are added, there were at least five hundred and fifty-eight (558) days of non-tolled time since Petitioner's period of limitations began to run on February 14, 1999. Therefore, the present Petition for Writ of Habeas Corpus comes one hundred ninety three (193) days after the statute of limitations expired and therefore, is time-barred and should be dismissed.

**CONCLUSION**

Accordingly, for the aforementioned reasons, it is recommended that the petition herein be dismissed in its entirety as untimely and this matter ended.

Respectfully Submitted,

Robert S. Carr
United States District Judge

Charleston, South Carolina

August 31, 2005

**Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"**

**&**

**The *Serious Consequences* of a Failure to Do So**

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of its filing. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. Based thereon, this Report and Recommendation, any objections thereto, and the case file will be **delivered to a United States District Judge** fourteen (14) days after this Report and Recommendation is filed. Advance Coating Technology, Inc. v. LEP Chemical, Ltd., 142 F.R.D. 91, 94 & n. 3, 1992 U.S.Dist. LEXIS® 6243 (S.D.N.Y. 1992). A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. *See* Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410, 1993 U.S.Dist. LEXIS® 3411 (D.S.C. 1993).

During the ten-day period, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.** *See* Keeler v. Pea, 782 F. Supp. 42, 43-44, 1992 U.S.Dist. LEXIS® 8250 (D.S.C. 1992); and Oliverson v. West Valley City, 875 F. Supp. 1465, 1467, 1995 U.S.Dist. LEXIS® 776 (D.Utah 1995). Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. *See* United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509, 1991 U.S.App. LEXIS® 8487 (6th Cir. 1991). *See also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> **A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.**

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> **Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.**

*See also* Branch v. Martin, 886 F.2d 1043, 1046, 1989 U.S.App. LEXIS® 15,084 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). **This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections.** *See* Wright v. Collins, supra; and Small v. Secretary of HHS, 892 F.2d 15, 16, 1989 U.S.App. LEXIS® 19,302 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

**Larry W. Propes, Clerk**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**